IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOYCE C. MARDIS,                )
                                )
            Plaintiff,          )
                                )
    v.                          ) Civil Action No. 07-130J
                                )
MICHAEL J. ASTRUE,              )
COMMISSIONER OF                 )
SOCIAL SECURITY,                )
                                )
            Defendant.          )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 23rd day of September, 2008, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 16) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 14) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are

supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending applications for disability insurance benefits[1] and supplemental security income on September 28, 2005, alleging a disability onset date of April 19, 2002, due to physical scarring from burns, edema, asthma, bipolar disorder and depression. Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a hearing on December 5, 2006, at which plaintiff, represented by counsel, appeared and testified. On December 26, 2006, the ALJ issued a decision finding that plaintiff is not disabled. On April 13, 2007, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 39 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §§404.1563(c) and 416.963(c). Plaintiff has a high school equivalent education and has past relevant work experience as a sewing machine operator, rural mail carrier, night maintenance

---

[1] For purposes of plaintiff's Title II application, the ALJ found that plaintiff met the disability insured status requirements of the Act on her alleged onset date and had acquired sufficient coverage to remain insured through December 31, 2005.

foreman and candy packer, but has not engaged in substantial gainful activity since her alleged onset date.[2]

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of residual effects of 20% total body surface burn, emphysema, post-traumatic stress disorder, depressive disorder, personality disorder and alcoholism, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform work at any exertional level but with certain restrictions recognizing the limiting effects of her physical and mental impairments. (R. 16). Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff can perform based upon her age, education, work experience and residual functional capacity, including night security guard, inspector packer and labeler/marker. Relying on the vocational expert's testimony, the ALJ found that, although plaintiff cannot perform her past

---

[2] The ALJ noted that, after her alleged onset date, plaintiff worked approximately 20 hours per week as a bartender between June 1, 2003, and May 28, 2004. However, the ALJ found that plaintiff's earnings for this time period were insufficient for this work to qualify as "substantial gainful activity" within the meaning of the Act. (R. 15).

relevant work, she is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(1)(B) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[3] for determining whether a claimant is under a disability. 20 C.F.R. §§404.1520 and

---

[3] The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 & 416.920. In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §§404.1520a & 416.920a.

416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises two primary challenges to the ALJ's findings: (1) the ALJ erred in finding that plaintiff's impairments do not meet any of the listed impairments set forth in the regulations; and, (2) the ALJ's residual functional capacity finding is not supported by substantial evidence. Upon review, the court finds that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

First, the court is satisfied that the ALJ's step 3 finding is supported by substantial evidence. At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education, or work experience, from performing any gainful activity. Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000); 20 C.F.R. §§404.1520(d) and 416.920(d). "If the impairment is equivalent to a listed impairment then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

Here, as required, the ALJ identified the relevant listed impairments that compare with plaintiff's physical and mental

impairments, and adequately explained why plaintiff's impairments do not meet or equal the severity of any listed impairment. (R. 16); see Burnett, 220 F.3d at 120, n.2. The ALJ's findings in this regard are supported by substantial evidence as outlined in the ALJ's decision.

Plaintiff summarily asserts on appeal to this court that she meets or equals the Listings for musculoskeletal disorders at Listings 1.00 *et seq.*, and/or for mental disorders at Listings 12.00 *et seq.*. However, plaintiff does not identify any specific listing under either of those categories which she purportedly meets and she has failed to meet her burden of presenting any medical findings whatsoever, to either the ALJ or to this court, showing that her impairments meet or equal any of these listed impairments. See Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992).

Moreover, a review of the record establishes that none of plaintiff's impairments meet or equal any listing. First, the residuals from plaintiff's burn injuries clearly fail to meet listing 1.08, which requires "continuing surgical management ... directed toward the salvage or restoration of major function, and such major function was not restored ... within 12 months of onset." Here, plaintiff's burn surgeon reported that plaintiff's burns had healed within seven days of her surgery in 2002, and plaintiff was only restricted from work for a period of three weeks until she had regained full range of motion in her arm. (R. 136; 154-55). Furthermore, plaintiff never required any

AO 72
(Rev. 8/82)

- 6 -

additional surgical management beyond her initial skin graft surgery immediately following her accident.

Likewise, the record is devoid of any evidence suggesting that plaintiff meets any listing for mental impairments as discussed thoroughly by the ALJ in his decision. (R. 16-20). As already noted, at step 3, it is plaintiff's burden to present medical findings showing that her impairment matches a listing or is equal in severity to a listed impairment. Burnett, 220 F.3d at 120, n. 2. Here, plaintiff merely states in a conclusory fashion that she meets a general category of listings but she makes no effort to identify any specific listing or to explain how she meets any such listing, and she is unable to point to any evidence of record whatsoever that would support such a finding. Accordingly, the court finds plaintiff's first argument to be without merit.

In conjunction with her step 3 argument, plaintiff implies that the ALJ failed to properly weigh evidence from a treating physician, Dr. Siripala. Specifically, plaintiff relies on a state welfare assessment form completed by Dr. Siripala on February 11, 2007, stating his opinion that plaintiff is permanently disabled. Plaintiff suggests that the opinion stated in this report is supported by the objective medical evidence. Plaintiff's argument is baseless.

First, the opinion upon which plaintiff now relies was not rendered until <u>after</u> the ALJ's unfavorable decision. As this report was not presented to the ALJ but instead was presented for

the first time to the Appeals Council, which subsequently denied review, and plaintiff has failed to establish that Dr. Siripala's report was new or material, and likewise has failed to establish good cause for not presenting this information to the ALJ, plaintiff is not entitled to a sentence six remand for consideration of this evidence.[4]

Moreover, the report in question clearly does not further plaintiff's position that she is disabled. First, plaintiff fails to explain how this report would support a finding that plaintiff meets or equals any listed impairment as Dr. Siripala did not make such a finding and the report contains no objective medical evidence from which such a conclusion possibly could be reached. In addition, to the extent Dr. Siripala opined that plaintiff is permanently disabled, that opinion clearly is not entitled to any weight.

Initially, Dr. Siripala's determination that plaintiff is "permanently disabled" was rendered on a state welfare employability form. However, the Commissioner is to make disability determinations based on social security law and

---

[4] When a claimant proffers evidence in the district court that previously was not presented to the ALJ, the district court's determination of whether to remand to the Commissioner is governed by Sentence 6 of §405(g) of the Act. See Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001). Sentence 6 permits remand "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." See also Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984). "[A] claimant must satisfy all three requirements of Sentence 6 (new, material and good cause) in order to justify a remand." Matthews at 594; Szubak at 833.

AO 72
(Rev 8/82)

- 8 -

therefore an opinion from a treating source that an individual is permanently disabled based on state welfare rules is not binding on the issue of disability under different social security regulations. See 20 C.F.R. §§404.1504 and 416.904. In addition, under the regulations the opinion of a physician, treating or otherwise, on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §§404.1527(e) and 416.927(e); SSR 96-5p.

More importantly, Dr. Siripala's suggestion that plaintiff is permanently disabled simply is not supported by the medical evidence, including Dr. Siripala's own prior assessment rendered in June of 2006, only eight months prior to his February 2007 opinion suggesting permanent disability. (R. 255-259).

It is clear from a review of the ALJ's decision that he adhered to the appropriate standards in evaluating the medical evidence[5], and, based upon his review of the entire record, including plaintiff's medical records and plaintiff's own testimony and reported daily activities, the ALJ concluded that

---

[5] Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §§404.1527(d)(2) and 416.927(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §§404.1527(d) and 416.927(d).

plaintiff's impairments, while severe, do not preclude her from performing any substantial gainful activity. The court is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Plaintiff next argues that the ALJ's residual functional capacity finding that plaintiff retains the ability to perform work at any exertional level with certain restrictions is not supported by substantial evidence. Again, the court disagrees.

At step 5 of the sequential evaluation process, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with her medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(f) and 416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a) and 416.945(a); Fargnoli, 247 F.3d at 40.

Here, the ALJ's residual functional capacity finding is supported by the medical evidence and is consistent with plaintiff's testimony as to her daily activities and self-reported limitations. In rendering his residual functional capacity finding, the ALJ adequately considered all of the relevant medical evidence and incorporated into his finding only those limitations that reasonably could be supported by the medical evidence. The court is satisfied that the ALJ's residual functional capacity finding is supported by substantial evidence.

To the extent plaintiff contends that in assessing her residual functional capacity the ALJ failed to consider plaintiff's arm problems and treatment for suspected neuropathy and nerve damage, that contention is belied by the record. The ALJ expressly incorporated into the residual functional capacity finding limitations addressing any arm problems by restricting plaintiff to "occasional gross handling and feeling with the upper right extremity." (R. 16).

Moreover, the ALJ included that restriction, along with all other environmental and non-exertional limitations supported by the record, in his hypothetical to the vocational expert, and the vocational expert's testimony in response to that hypothetical identifying numerous jobs that plaintiff can perform with those restrictions constitutes substantial evidence supporting the ALJ's step 5 finding.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: J. Kirk Kling, Esq.
    630 Pleasant Valley Boulevard, Suite B
    Altoona, PA 16602

    Stephanie L. Haines
    Assistant U.S. Attorney
    224 Penn Traffic Building
    319 Washington Street
    Johnstown, PA 15901